HORGAN v. INTERBOROUGH RAPID TRANSIT CO. et al.

(Supreme Court, Appellate Term.   June 21, 1912.)

MASTER AND SERVANT (§ 264*)—ACTION FOR INJURIES—PLEADING—ISSUES, PROOF, AND VARIANCE.

Under a complaint, in a servant's action for injuries, alleging negligence of defendant's superintendent in failing to have, at the place where plaintiff was working, any signalman to warn him, and its negligence, in that the superintendent failed to furnish any signalman whose duty it was or should be to warn him, of the approach of trains, where the evidence as to whether there was any signalman was conflicting, the sole issue of fact was whether there was any signalman, and plaintiff upon his pleading was not entitled to recover if the defendant had ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tually provided a signalman, who had failed in the performance of his duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

Appeal from City Court of New York, Trial Term.

Action by William Horgan against the Interborough Rapid Transit Company and the Rapid Transit Subway Construction Company. From a judgment of the City Court of the City of New York entered upon a verdict in favor of plaintiff, and from an order denying a motion for a new trial, the Rapid Transit Subway Construction Company appeals. Reversed, and new trial ordered.

See, also, 75 Misc. Rep. 628, 133 N. Y. Supp. 915.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Lyman A. Spalding, of New York City (Theodore H. Lord, of New York City, of counsel), for appellant.

Francis X. McCollum, of New York City (Raphael Link, of New York City, of counsel), for respondent.

LEHMAN, J. The complaint in this action alleges that the plaintiff was injured by the negligence of the defendant's superintendent in failing to have, at the place where the plaintiff was working, any signalman to issue warnings to this plaintiff, and by defendant's negligence, "in that the superintendent failed to furnish the plaintiff with any signalman, whose duty it was or should be to issue warnings of the approach of trains." There is no doubt but that the plaintiff was injured by a train while he was doing certain repair work for defendant. While the complaint contains various other specifications of negligence, no proof was presented at the trial in regard to any such.

Neither in the complaint nor in the notice does the plaintiff claim any liability by reason of any negligence in the performance of his duties by the signalman, if such a signalman was provided. If, therefore, a signalman was provided, but was not attending to his duties, or left the place where he was assigned without authority or permission, the plaintiff cannot rely on the negligence of the signalman to prove his cause of action; for such negligence is not only not alleged, but, if shown, would be entirely inconsistent with the negligence of defendant alleged in the complaint and notice. The testimony of the plaintiff tended to show that no signalman was provided; the testimony of the defendant tended to show that a signalman was provided. The issue of fact raised by this conflicting testimony was the sole question which the jury had a right to consider, and the plaintiff was not entitled under his pleadings to recover, if the defendant had actually provided a signalman, even if the signalman so provided failed in the performance of his duties, or absented himself for five minutes, without authority or permission, and the trial justice erred in refusing to charge these propositions.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.